UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARTWELL STAFFING SERVICES INC., <br><br> Plaintiff, <br><br> v. <br><br> JAEMAR, INC., <br><br> Defendant. | Case No.: 23-cv-01382-AJB-KSC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE** <br><br> **(Doc. No. 9)** |

    Presently pending before the Court is Plaintiff Chartwell Staffing Services, Inc.'s motion to strike portions of the Answer and affirmative defenses of Defendant Jaemar, Inc. pursuant to Federal Rule of Civil Procedure 12(f). (Doc. No. 9.) Jaemar filed an opposition to the motion to strike, (Doc. No. 12), to which Chartwell replied, (Doc. No. 14). Pursuant to Civil Local Rule 7.1.d.1, the Court finds the instant matter suitable for determination on the papers and without oral argument. For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** the motion to strike.

I.    **BACKGROUND**

    On July 28, 2023, Plaintiff Chartwell filed a Complaint for Breach of Written Contract and Common Count. (*See generally* Doc. No. 1.) Defendant Jaemar answered the Complaint on August 30, 2023, raising eight affirmative defenses. (*See generally* Doc. No. 5.) The instant motion followed on September 20, 2023. (Doc. No. 9.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

"Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "When ruling on a motion to strike, this Court 'must view the pleading under attack in the light most favorable to the pleader.'" *In re New Century*, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008) (quoting *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)).

"Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979)).

## III. DISCUSSION

Chartwell requests that the Court strike paragraphs 7, 8, 11, 12, 13, and 19 of Jaemar's Answer, as well as all eight of Jaemar's affirmative defenses. (*See generally* Doc. No. 9.) The Court addresses each argument in turn.

### A. Jaemar's Answer

Chartwell suggests two primary arguments for why paragraphs 7, 8, 11, 12, 13, and 19 of Jaemar's answers should be stricken. First, Chartwell contends that most of the

answers are "insufficient" because, under the federal pleading standard, they lack sufficient information to admit or deny the allegations. (*Id.* at 5.) Second, Chartwell seeks to strike other answers because they do not "fairly respond to the substance of the allegation" as required by Rule 8(b)(2). (*Id.*)

In "short and plain terms," an answer must admit or deny each of the material allegations raised in the complaint. Fed. R. Civ. P. 8(b)(1). Rule 8(b)(2) provides that "[a] denial must fairly respond to the substance of the allegation." However, Rule 8(b)(3) allows a party to present a general denial, and Rule 8(b)(5) permits parties to plead lack of sufficient knowledge or information, which is treated as a denial of the allegation addressed. Where the response fairly meets the substance of the averment being denied, lack of specificity is not a basis for striking. *See Albert's Organics, Inc. v. Holzman*, No. 19-CV-07477-PJH, 2020 WL 3892861, at *3 (N.D. Cal. July 10, 2020). Courts disfavor ruling on factual questions in motions to strike, and "absent a finding of bad faith, factual allegations in the complaint (or answer) must be tested through the normal mechanisms for adjudicating the merits." *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 n.3 (9th Cir. 2007). An allegation in the complaint, other than one relating to the amount of damages, is deemed admitted if not effectively denied in the answer. *See* Fed. R. Civ. P. 8(b)(6).

As an initial matter, Chartwell's reliance on *Greenberg v. Guzman*, No. CV 14-00866 BRO (FFMx), 2014 WL 12569375 (C.D. Cal. July 10, 2014), is unavailing. In *Greenberg*, the defendant filed a one-sentence answer, which courts routinely find impermissible for lack of good faith. *Id.* at *2. That is not the case here, as Jaemar filed a 5-page answer, responding to each paragraph of Chartwell's Complaint and further listing affirmative defenses.

Next, Chartwell moves to strike paragraphs 7, 8, 11, 12, 13, and 19 of Jaemar's Answer for failure to comply with Rule 8(b), arguing Jaemar fails to admit or deny each paragraph of the complaint, give fair notice of the nature of its defenses, and fairly respond to the substance of the allegation. (Doc. No. 9-1 at 10–11.) Paragraphs 7, 8, 11, 12, 13, and

3

19 of Jaemar's Answer state: "Defendant objects to the allegations in Paragraph [X] of the Complaint as overbroad, conclusory, [argumentative], and incomplete, and on that basis, must generally deny said allegations." (Doc. No. 5 at 2–3.)

Here, the Paragraphs 7, 8, 11, 12, 13, and 19 comply with Rule 8(b)'s provisions by issuing a general denial as to all of the factual allegations contained in the corresponding paragraphs of the Complaint. Chartwell has not shown a basis for striking the answer under Rule 12(f), nor has it shown a violation of Rule 8(a) or (b). Neither can the Court conclude that any of Jaemar's responses were made in bad faith.

Moreover, Jaemar further responded to paragraph 19 of the Complaint with a denial, stating it "lacks information upon which to either admit or deny the allegations . . . , and on that basis, must deny said allegations." (Doc. No. 5 at 3.) This is proper under Rule 8(b)(5).

Accordingly, the Court **DENIES** Chartwell's motion to strike any portion of Jaemar's Answer on these grounds. Because the Court finds Jaemar's Answer satisfies the Rule 8(b) pleading standard, the Court further **DENIES** Chartwell's motion to deem Jaemar's answer to paragraphs 7, 8, 11, 12, 13, and 19 as admitted.

### B. Affirmative Defenses

Chartwell next asserts that all eight of the affirmative defenses Jaemar has pled in its Answer to the Complaint are insufficient as they fail to give Chartwell fair notice. (Doc. No. 9-1 at 15–17.)

Under Federal Rule of Civil Procedure 8(c), defendants must "affirmatively state any avoidance or affirmative defense[.]" Fed. R. Civ. P. 8(c). An affirmative defense may be insufficient as a matter of pleading or as a matter of law. *Sec. People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133 MMC, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827. Fair notice generally requires that the defendant articulate the affirmative defense clearly enough that the plaintiff is "not a victim of unfair surprise." *Bd. of Trustees of San Diego*

*Elec. Pension Trust v. Bigley Elec., Inc.*, No. 07-cv-634-IEG (LSP), 2007 WL 2070355, at *2 (S.D. Cal. July 12, 2007) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)). On a final note, despite district courts being split over the issue of what standard to evaluate affirmative defenses, this Court will follow the Ninth Circuit and review the sufficiency of Jaemar's affirmative defenses under the "fair notice" pleading standard. *Roe*, 289 F.R.D. at 609 (finding the case law "strongly suggests that the Ninth Circuit does not believe the more stringent *Twombly/Iqbal* standard should be applied to affirmative defenses.").

First, Jaemar's first affirmative defense for failure to state a cause of action is not an affirmative defense. *See Rutherford v. Evans Hotels, LLC*, No.: 18-CV-435 JLS (MSB), 2019 WL 1900889, at *3 (S.D. Cal. Apr. 29, 2019) ("The weight of authority, including from this District, appears to favor Plaintiffs that failure to state a cause of action is not an affirmative defense."); *J&J Sports Prods., Inc. v. Juarez*, No. 15CV1477-LAB (BLM), 2016 WL 795891, at *1 (S.D. Cal. Mar. 1, 2016) ("Juarez's first affirmative defense, failure to state a claim, is not an affirmative defense.").[1]

Further, Jaemar has not alleged sufficient facts to provide notice to Chartwell as to the nature of its second through eighth affirmative defenses for statutes of limitations; laches; waiver; estoppel; standing; conditions precedent; and offset. Specifically, in none of these eight affirmative defenses does Jaemar point to the existence of some identifiable fact that if applicable to Chartwell would make the affirmative defense plausible on its face. Instead, Jaemar "simply lists a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist." *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010).

---

[1] "Although struck with prejudice as affirmative defenses, the court makes clear that Defendant[ is] not precluded from arguing, in a motion or at trial, that [Plaintiffs] ha[ve] failed to state a claim." *See Hernandez v. Dutch Goose, Inc.*, No. C 13-03537 LB, 2013 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013).

Accordingly, the Court **GRANTS** Chartwell's motion to strike as to each of Jaemar's affirmative defenses. Specifically, the Court **STRIKES** Jaemar's first affirmative defense for failure to state a cause of action **WITH PREJUDICE**. The Court **STRIKES** Jaemar's second through eighth affirmative defenses **WITH LEAVE TO AMEND**.

## IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Chartwell's motion to strike portions of Jaemar's Answer. Should Jaemar desire to amend its Answer, it must file the amended answer <u>no later than November 6, 2023</u>.

**IT IS SO ORDERED.**

Dated:  October 23, 2023

Hon. Anthony J. Battaglia
United States District Judge